```
1   SCHEER LAW GROUP, LLP
    SPENCER P. SCHEER #107750
2   JOSHUA L. SCHEER #242722
    REILLY D. WILKINSON #250086
3   JONATHAN SEIGEL #168224
    ALEXANDRIA CARRAHER #299258
4   155 N. Redwood Drive, Suite 100
    San Rafael, CA  94903
5   Telephone:  (415) 491-8900
    Facsimile:  (415) 491-8910
6   BSI.100-656S

7   Attorneys for Secured Creditor
    DRRF TRUST 2015-1, its assignees and/or successors
8
```

9   UNITED STATES BANKRUPTCY COURT FOR THE

10   EASTERN DISTRICT OF CALIFORNIA

11   FRESNO DIVISION

| 12 | In re: | Bk. No. 15-11859-RL |
|---|---|---|
| 13 | ARTURO GUERRA FLORES fdba | Chapter 13 |
| 14 | TAQUERIA EL GRULLENSE and | D.C. No. RSW-002 |
| 15 | BERENICE MEJIA FLORES, | **OPPOSITION TO MOTION TO CONFIRM DEBTORS' SECOND MODIFIED CHAPTER 13 PLAN** |
| 16 | Debtors. | |
| 17 | | Hearing- Date:  October 6, 2016 |
| 18 | | Time: 9:00 a.m. Place: Bankruptcy Court |
| 19 | | 510 19th Street, Suite 200 Bakersfield, CA |
| 20 | | |

21

22    DRRF TRUST 2015-1, its assignees and/or successors ("**Lender**") hereby files

23  this Opposition to Motion to Confirm Debtors' First Modified Chapter 13 Plan ("**Opposition**").

24  This Opposition is based on the pleadings and records in this case, including Lender's Proof of

25  Claim on file with this Court, Claim 1-1, Debtors' First Modified Chapter 13 Plan, and Debtors'

26  Second Modified Chapter 13 Plan. Lender requests the court to take judicial notice pursuant to

27  Federal Rule of Evidence 201.  Lender opposes modification of Debtors' Plan based on the

28  following:

1

# I. FACTS

1. DRRF TRUST 2015-1, its assignees and/or successors ("**Lender**") is the beneficiary under a First Trust Deed obligation, which was executed by Debtors, and which is secured by the real property located at **504 Acacia Avenue, Bakersfield, CA 93305** ("**Property**").[1]

2. The pre-petition arrears owed to Lender on its secured Trust Deed obligation is $25,025.45 and the total amount of Lender's claim is $289,661.32.[2]

3. Pursuant to the Debtors' Schedules, the value of the Property is $200,569.00.[3]

4. The Debtors' listed the pre-petition arrears as being $21,069.02 in their Chapter 13 Plan.[4] The Order Confirming Plan revised the arrears to the amount in Lender's Proof of Claim and ordered Debtors to make arrearage payments to Lender of $111.28 per month for months 1-12 and $1,074.00 per month for months 13-36.[5]

5. Pursuant to the terms of the Confirmed Chapter 13 Plan, Debtors were to make Plan payments in the amount of $2,728.20 per month for months 1-12, then $2,818.80 per month for the rest of the Plan's duration.[6]

6. Pursuant to Debtors' Original Schedules, their monthly net income was $2,580.60 at the date of filing.[7]

7. Debtors defaulted on their Plan payments and the Chapter 13 Trustee field a Motion to Dismiss on January 11, 2016 (Docket #40).[8]

8. On February 23, 2016, Debtors filed a Motion to Modify the Plan. Lender opposed on the grounds that it was not receiving post-petition payments.

9. Pursuant to the terms of the Debtors' First Modified Plan, which was confirmed on May 23, 2016 ("**Confirmed Plan**"),[9] Debtors were to pay the Trustee, beginning

---

[1] See Lender's Proof of Claim (Claim No. 1)
[2] See Lender's Proof of Claim (Claim No. 1)
[3] See Debtors' Schedule A (Docket No. 1)
[4] See Debtors' original Plan (Docket No. 5)
[5] See Order Confirming Plan (Docket No. 37)
[6] See Order Confirming Plan (Docket No. 37)
[7] See Debtors' Schedule J (Docket No. 1)
[8] See Trustee's Motion to Dismiss (Docket No. 40)

2

February 2016, monthly payments of $2,273.00 for the remaining months of the Plan. They were also to repay their missed post-petition payments owed to Lender back with late charges through the life of the Plan, and they were to make monthly payments on Lender's arrears in the amount of $70.60 each.[10]

10.    Pursuant to Debtors' Amended Schedules, their net monthly income is $2,282.49[11].

11.    Debtors again defaulted on their payments under the First Modified Plan. The Chapter 13 Trustee filed a Motion to Dismiss on August 8, 2016 (Docket #66).[12]

12.    Debtors seek to modify their confirmed First Modified Plan, which was confirmed on May 23, 2016. The Debtors propose to pay the Trustee, beginning August 2016, monthly payments of $2,531.00 for the remaining months of the Plan.[13]

13.    In addition, Debtors also request that their missed post-petition payments owed to Lender will be paid back with late charges through the life of the Plan.[14] Lender opposes its delinquent post-petition payments being paid back through the Plan.

14.    Debtors also propose to make monthly payments on Lender's arrears in the amount of $501.57 each.[15]

15.    Debtors' Proposed Modified Plan seeks to classify their payments through July 2016 as current.[16] According to the terms of the Confirmed Plan, Debtors should have paid the Trustee $30,969.40 through July 2016.[17] In the Modified Plan, they allege that they have paid $28,695.40 through July 2016 and they should be deemed current.[18] Lender objects to this modification, as they are asking for $2,273.00 to be forgiven, in addition to the $4,500.16 that was forgiven for the Confirmed Plan in Debtors' First Motion to Modify.

---

[9] See Order Confirming First Modified Plan (Docket No. 65)
[10] See First Modified Chapter 13 Plan (Docket No. 49)
[11] See Debtors' Amended Schedule J (Docket No. 51)
[12] See Trustee's Motion to Dismiss (Docket No. 66)
[13] See Second Modified Chapter 13 Plan (Docket No. 75)
[14] See Second Modified Chapter 13 Plan (Docket No. 75)
[15] See Second Modified Chapter 13 Plan (Docket No. 75)
[16] See Second Modified Chapter 13 Plan (Docket No. 75)
[17] See Order Confirming First Modified Plan (Docket No. 65)
[18] See Second Modified Chapter 13 Plan (Docket No. 75)

3

16. Debtors' Proposed Modified Plan also seeks to classify their post-petition mortgage payments to Lender as current through July 2016. They allege that they have paid $18,527.60 in mortgage payments,[19] although to be current, they would have had to pay a total of $19,952.80. Debtors propose to pay back the delinquent post-petition payment through the life of the Plan. Lender objects to this modification of claim.

## II. ARGUMENT

11 U.S.C. §1329(a) allows Debtors in a Chapter 13 case to modify confirmed plans. The proponent of any modification under this code section must demonstrate some form of "cause" to overcome parties objections who are adversely affected. *See generally* In re Guernsey, 189 B.R. 477, 481-482 (Bankr. D. Minn. 1995). As a threshold matter, the Debtor seeking modification that reduces his payment obligations must show that his financial circumstances underwent an adverse change after confirmation of the original plan. *See* In re Nelson 189 B.R. 748 (Bankr. D. Minn. 1995). 11 U.S.C. §1329(b) references and incorporates 11 U.S.C. §1325(a)(3), to any proposal for modification. Accordingly, referencing §1325(a) incorporates the following as considerations for any request to modify a plan: the "good faith" requirement of §1325(a)(3), the "best interest requirement of §1325(a)(4), the "present value" requirement of §1325(a)(5), and the "feasibility requirement" of §1325(a)(6).

There is compelling authority which denies the ability of a Debtor to modify a confirmed plan to reduce payments to secured creditors. The case of In re Nolan 232 F.3d 528 (6th Cir. 2000) and its progeny hold that plan modifications should not be allowed to reduce the amounts owing to secured creditors, under the theory that 11 U.S.C. §1327 is a final order that binds all of the parties, including the debtor. *See also* In re Stratosphere Litigation L.L.C. vs. Grand Casinos Inc. 298 F.3d 1137, 1143 (9th Cir. 2002) (holding that "once a bankruptcy plan is confirmed, it is binding on all parties, and all questions that could have been raised pertaining to the Plan are entitled to res judicata effect.") While 11 U.S.C. §1329 can be used to modify a confirmed order, this should not take place if the secured creditor has suffered jeopardy to its collateral, i.e. depreciation. *See* In re Johnson, 63 BR 550, 551 (Bankr. D. Colo. 1986). These

---

[19] See Second Modified Chapter 13 Plan (Docket No. 75)

4

holdings bring into play the concepts of adequate protection of the creditors' interests, along with the analysis of 11 U.S.C. §1329.

Debtors' own Schedules clearly show that they cannot make the payments required to pay the Arrears in full even as originally proposed. Debtors' Schedules show disposable income of $2,282.49. However, the Debtors propose monthly payments of $2,531.00, including $501.57 per month on arrears. Confirmation of the Plan is simply not possible with Debtors income and expenses in light of the fact that Lender's claim was not correctly listed so an increased payment amount would be required. Even if the Plan were to be amended to include Lender's full claim and arrears, Debtors have not shown that they have the ability to make the ongoing payments.

More importantly, Debtors just recently modified the Plan to forgive missed payments. They were not able to perform under the original Plan and not able to perform under the First Modified Plan. It is apparent that they will not be able to perform under the new proposed Plan. While Debtors are avoiding post-petition payments, Lender is being harmed as the Property is under water.

Debtors should not be allowed to use Chapter 13 to create arrearages under a plan. Debtors have confirmed a plan, which provides for ongoing post-petition payments. Debtor ARTURO FLORES declared in his Declaration that Debtors missed Plan payments because of his reduced income. He does not elaborate on the reason of this reduced income.

Using plan amendments liberally to avoid payments to creditors for long periods of time should not be sanctioned by this Court. This is the second Motion to Modify that Debtors have filed with the Court within six (6) months. Accordingly, the Motion to Confirm Debtors' Second Modified Chapter 13 Plan should be denied.

SCHEER LAW GROUP, LLP

Date: September 12, 2016         /s/ Reilly D. Wilkinson
                                  #250086